**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul D.H. LaBarre, | No. CV-15-1959-PHX-DGC |
| Appellants, | **ORDER** |
| v. | |
| Dale D. Ulrich, | |
| Appellee. | |

On September 28, 2015, DirectTV, LLC ("DirectTV") moved to intervene as an appellee in this case pursuant to Rule 8013(g) of the Federal Rules of Bankruptcy Procedure.  Doc. 1 at 34.  On November 13, 2015, Appellants filed a pro se objection to this motion.  Doc. 6.  Appellants' objection will be overruled and DirectTV's motion will be granted.

A party seeking to intervene in a bankruptcy appeal must move for leave to intervene within 30 days after the appeal is docketed.  Fed. R. Bankr. P. 8013(g).   The motion "must concisely state the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, why intervention is being sought at this stage of the proceeding, and why participating as an amicus curiae would not be adequate."  *Id.*   Some courts also require prospective intervenors (including those intervening on the side of the defendant or appellee) to demonstrate Article III standing. *See, e.g.*, *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015).  It is an open question whether such a showing is required in

the Ninth Circuit.  *See Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 n.2 (9th Cir. 2009); *Prete v. Bradbury*, 438 F.3d 949, 956 n.8 (9th Cir. 2006).

DirectTV has made the required showing.  Its timely motion states that it "participated in the bankruptcy case, made significant concessions to its secured claim in the Plan, obtained benefits from the Plan, and actively opposed the Debtors' objections to the Plan."  Doc. 1 at 35.  The motion also provides a concise statement why DirectTV is moving for intervention at this stage in the proceeding and why amicus curiae status would be inadequate.  *Id.* at 42-43.  Finally, DirectTV has established Article III standing by demonstrating that appellants' victory in this proceeding would adversely affect its concrete and particularized pecuniary interests.

Appellants do not seriously contest any of this.  Instead, they argue that DirectTV should be barred from participating in this proceeding because it has engaged in "bad" conduct in prior litigation against Appellants.  For example, Appellants contend that DirectTV's counsel incorrectly stated in a prior proceeding that one of Appellants had fabricated an email, only to retract this statement upon reviewing the file.  Doc. 6 at 2.  But whether DirectTV or its counsel engaged in misconduct in prior litigation (DirectTV argues that it made an innocent and inconsequential mistake) is irrelevant to the question at hand: whether DirectTV's interest in this proceeding is sufficient to support a motion to intervene under Rule 8013(g) of the Federal Rule of Bankruptcy Procedure.  The Court is not, and cannot be, in the business of adjudicating substantive disputes between the parties at this threshold stage of the litigation.  Appellants' objection will therefore be overruled.[1]

---

[1] Appellants objection is also untimely.  Rule 8013(a)(3) of the Federal Rules of Bankruptcy Procedure provides that a response to a motion to intervene must be filed within seven days after service.  Appellants filed their response almost a month after DirectTV filed its motion.  The Court reminds Appellants that pro se litigants are not exempt from deadlines established by statute, rule, or regulation.  *See, e.g., Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (refusing to excuse pro se litigant's failure to request jury trial before deadline).

**IT IS ORDERED** that the motion to intervene (Doc. 1 at 34-44) is **granted.**

Dated this 7th day of December, 2015.

_____
David G. Campbell
United States District Judge