WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul D H LaBarre,<br>Terri Sue LaBarre,<br><br>           Appellants,<br><br>v.<br><br>Dale D. Ulrich,<br><br>           Appellee.<br><br>DIRECTV, LLC<br><br>           Intervenor. | No. CV-15-1959-PHX-DGC<br><br>**ORDER** |

DIRECTV, LLC ("DIRECTV") has filed a motion to dismiss this appeal. Doc. 10. Paul and Terri LaBarre ("Debtors") filed a pro se response and DIRECTV replied. Docs. 12-13. The Court determines that oral argument will not aid in its decision.[1] For the reasons that follow, the Court will grant the motion.

**I.    Background.**

On August 13, 2015, the U.S. Bankruptcy Court for the District of Arizona entered an order confirming a reorganization plan for Debtors over their objections. Doc. 1 at 7-13. The plan had been proposed by the Chapter 11 Trustee and called for the sale of assets and payment of creditors. *See id.* at 15-30. On August 26, 2015, Debtors filed a

---

[1] Debtors' request for oral argument is therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Notice of Appeal with the Bankruptcy Appellate Panel for the Ninth Circuit. *Id.* at 1. A timely objection was made, and the appeal was transferred to this Court. *Id.* at 4. On December 7, 2015, this Court granted DIRECTV's motion to intervene. Doc. 8. On January 11, 2016, Debtors filed a pro se opening brief (Doc. 9), despite the fact that the Court had not yet set a briefing schedule and the record of appeal was not ready (Doc. 10-1 at 2).

**II.     Analysis.**

DIRECTV presents two arguments for dismissing the appeal. First, it argues that dismissal is proper in light of Debtors' repeated failure to comply with the procedural rules governing bankruptcy appeals. Doc. 10 at 3-9. Second, it argues that dismissal is proper because the appeal is equitably moot. *Id.* at 9-11.

**A.     Procedural Violations.**

A court presented with a bankruptcy appeal has no duty to "develop debtor's arguments for him, find the legal authority to support those arguments, or guess at what part of the record may be relevant." *In re Morrissey*, 349 F.3d 1187, 1189 (9th Cir. 2003). The court may summarily dismiss an appeal where the debtor's "massive failure to comply with the rules of briefing and presenting a record on appeal" makes informed review impossible. *Id.*; *cf. Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (summarily dismissing non-bankruptcy appeal because the appellant's brief "fail[ed] to provide the applicable standard of review," "ma[de] virtually no legal arguments," and "lack[ed] a table of contents, a table of authorities, citations to authority, and accurate citations to the record") (internal citations omitted).

DIRECTV argues that dismissal is appropriate because Debtors failed to pay their filing fee, failed to provide the Court with the record of appeal, prematurely filed their opening brief, and failed to include in their opening brief various required elements (including a table of contents, a table of authorities, a concise statement of the Court's jurisdiction, a concise statement of the issues on appeal, a concise statement of the case, and a summary of argument). Doc. 10 at 3-7. Debtors largely fail to dispute these

violations and make no offer to cure them.[2] Instead, they argue that they are excused from compliance with these rules because they have filed this appeal pro se. Doc. 12 at 3. They also complain about DIRECTV's arguments and litigation tactics. *Id.* at 3-4.

The Court concludes that the appeal should be dismissed. Debtors' failure to comply with the rules governing bankruptcy appeals has made it impossible for the Court to conduct an informed review of the Bankruptcy Court's order. A bankruptcy appeal is conducted on the record before the bankruptcy court; new evidence cannot be taken on appeal. *In re GHR Energy Corp.*, 791 F.2d 1200, 1201 (5th Cir. 1986) (bankruptcy appellate court "is barred from considering filings outside the record on appeal" unless record is supplemented pursuant to Fed. R. App. P 10(e)). Debtors have failed to secure transmission of the record of appeal to the Court despite the bankruptcy court's having notified them of this deficiency more than four months ago. Doc. 5.[3] The Bankruptcy Court has been unable to prepare the record because Debtors have not complied with Rule 8009(a)(1)(A) of the Federal Rules of Bankruptcy Procedure, which requires an appellant to provide a designation of the items to be included in the record and a statement of the issues to be presented on appeal. *See* Doc. 10-1. It is impossible for the Court to review the Bankruptcy Court's order without access to the record. Furthermore, Debtor's opening brief, in addition to the numerous deficiencies identified by DIRECTV, attaches some 190 pages of exhibits with no indication or whether or where they are part of the bankruptcy court record. Doc. 9.

Debtors' failures cannot be excused by their status as pro se litigants. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"). Because Debtors' violations of the rules governing bankruptcy appeals have made it

---

[2] Debtors note that they eventually paid their filing fee. Doc. 12 at 4, *see* BK. No. 2:13-17390-EPB (minute entry for Feb. 17, 2016). But this payment was not made until the day after DIRECTV filed its motion, some 175 days after Debtors filed their appeal.

[3] DIRECTV also notes that the bankruptcy court sent memos to the Debtors on October 28, 2015, and February 2, 2016, warning them that the appeal record was complete. Doc. 10 at 4.

- 3 -

impossible for the Court to review the Bankruptcy Court's order, the Court will dismiss the appeal.[4]

### B. Equitable Mootness.

"Equitable mootness is a prudential doctrine by which a court elects not to reach the merits of a bankruptcy appeal." *In re Transwest Resort Props., Inc.*, 801 F.3d 1161, 1167 (9th Cir. 2015) (citing *In re Mortgs. Ltd.*, 771 F.3d 1211, 1215 n.2 (9th Cir. 2014)). "An appeal is equitably moot if the case presents transactions that are so complex or difficult to unwind that debtors, creditors, and third parties are entitled to rely on the final bankruptcy court order." *Id.* (quoting *In re Mortgs. Ltd.*, 771 F.3d at 1215). In determining whether an appeal is equitably moot, courts in this circuit consider four factors: (1) "whether a stay was sought", (2) if a stay was sought and not gained, "whether substantial consummation of the plan has occurred", (3) what effect a remedy would have on third parties not before the court, and (4) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan." *Id.* at 1167-68.

DIRECTV argues that this appeal is equitably moot because (1) although Debtors sought and were denied a stay before the Bankruptcy Court, they never moved for a stay before this Court; (2) the reorganization plan has been substantially consummated by the sale of two properties owned by the bankruptcy estate, the dismissal of an appeal filed by the estate in the Ninth Circuit, and the distribution of some of the estate's funds; (3) reversal would unduly burden innocent third-parties involved in these transactions; and (4) the bankruptcy court could not fashion relief without completely undoing the plan. Doc. 10 at 9-11.

Debtors fail to meaningfully respond to these arguments. *See* Doc. 12 at 4-8.

---

[4] Dismissing an appeal for failure to comply with procedural requirements is "tantamount to the imposition of sanctions." *In re Morrissey*, 349 F.3d at 1189. For this reason, it may be necessary in some cases to consider alternative sanctions before dismissing an appeal. *See In re Beachport Entm't*, 396 F.3d 1083, 1087-88 (9th Cir. 2005). The Court concludes that it is unnecessary to consider alternative sanctions in this case because Debtors' appeal is also subject to dismissal on equitable mootness grounds.

They do not dispute that they failed to move for a stay, or explain their decision not to do so. They do not dispute that the plan has been substantially consummated; instead, they argue that the Trustee should have distributed the full amount obtained from the sale of the properties, which is irrelevant to the question of whether the plan has been consummated. *Id.* at 5. They do not dispute that reversal would unduly burden third parties; instead, they argue that DIRECTV acted in bad faith in failing to settle a fraud claim with a third-party purchaser of bankruptcy estate property, something that has no bearing on the question at hand. *Id.* at 6. Debtors similarly fail to present a coherent explanation as to how their appeal can be granted without completely knocking the props out from under the reorganization plan. *Id.* at 7-8.

As explained above, this Court has no duty to "develop debtor[s'] arguments for [them]" or "find the legal authority to support those arguments." *In re Morrissey*, 349 F.3d at 1189. Debtors never moved for a stay before this Court, and DIRECTV has shown that the Trustee has substantially consummated the plan. Doc. 10 at 9-10 (citing docket entries related to these transactions). DIRECTV also makes persuasive arguments regarding the difficulty of fashioning relief and the adverse effect such relief would have on third parties. *Id.* at 10-11. The Court therefore concludes that the appeal is equitably moot.

**IT IS ORDERED:**

1. DIRECTV's motion to dismiss (Doc. 10) is **granted**.
2. The Clerk of the Court is directed to **terminate** this action.

Dated this 11th day of March, 2016.

_____
David G. Campbell
United States District Judge